JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:     Craig.Nolan@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Crim. No. 21-00101 JAO |
| Plaintiff, | ) |
| | ) PRELIMINARY ORDER OF |
| | ) FORFEITURE (SPECIFIC |
| vs. | ) PROPERTY) |
| | ) |
| JENNIFER ASHCRAFT, | ) |
| aka "Jessie" aka "Jess," | ) |
| | ) |
| Defendant. | ) |

PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS a multiple-count Superseding Indictment was filed on August 19, 2021, charging defendant Jennifer Ashcraft with conspiring to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1); four counts of distributing a substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 8, 9, 11, & 16); and

distributing 50 grams or more of methamphetamine and a substance containing fentanyl in violation of 21 U.SC. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C) (Count 12); and providing notice that, upon conviction, the government would seek forfeiture; and

    WHEREAS, on or about October 25, 2021, pursuant to a plea agreement, defendant Jennifer Ashcraft pled guilty to Count 1 of the Superseding Indictment, which charges her with conspiring to to distribute and to possess with intent to distribute controlled substances; and

    WHEREAS, pursuant to 21 U.S.C. § 853, a person convicted of a violation of 21 U.S.C. § 846 shall forfeit to the United States any (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of that violation; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, that violation; and

    WHEREAS the United States seeks the forfeiture of all of defendant Jennifer Ashcraft's right, title, and interest in the following property (the "Specific Forfeitable Property"):

    i.    Approximately $102,919.00 in United States currency seized from a storage unit on Hila Place in Pearl City, Hawaii on or about July 1, 2021;

    ii.    Approximately $4,857.00 in United States currency seized from a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021;

    iii.    A 2016 Dodge Charger with Hawaii plate no. TZF305 and Vehicle Identification No. 2C3CDXCT3GH237172 seized near a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021; and

    iv.    A privately manufactured 9mm caliber pistol with no serial number and approximately ten rounds of 9mm caliber ammunition seized from a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021; and

WHEREAS, in her plea agreement, defendant Jennifer Ashcraft consented to the forfeiture of all of her right, title, and interest in the Specific Forfeitable Property; and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the Specific Forfeitable Property is subject to forfeiture pursuant to 21 U.S.C. § 853 as (1) property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the offense to which defendant Jennifer Ashcraft has pled guilty, and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense to which defendant Jennifer Ashcraft has pled guilty, and the Court so finds; and

WHEREAS defendant Jennifer Ashcraft:

(1)    Acknowledges that the Specific Forfeitable Property is subject to forfeiture as described above; and

(2)   Waives and abandons all right, title, and interest in the Specific Forfeitable Property; and

(3)   Waives, releases, and withdraws any claim that she may have made with respect to the Specific Forfeitable Property and waives and releases any claim that she might otherwise have made to it in the future; and

(4)   Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Forfeitable Property; and

(5)   Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(6)   Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(7)   Acknowledges that she understands that forfeiture will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(8)   Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(9)   Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Jennifer Ashcraft on the date it is entered by the Court, and it shall be made part of the sentence of defendant Jennifer Ashcraft and shall be included in the judgment of conviction of defendant Jennifer Ashcraft; and

THAT, pursuant to 21 U.S.C. § 853, any and all interests of defendant Jennifer Ashcraft in the Specific Forfeitable Property, specifically:

　　i.　Approximately $102,919.00 in United States currency seized from a storage unit on Hila Place in Pearl City, Hawaii on or about July 1, 2021;

　　ii.　Approximately $4,857.00 in United States currency seized from a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021;

　　iii.　A 2016 Dodge Charger with Hawaii plate no. TZF305 and Vehicle Identification No. 2C3CDXCT3GH237172 seized near a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021; and

　　iv.　A privately manufactured 9mm caliber pistol with no serial number and approximately ten rounds of 9mm caliber ammunition seized from a residence on Young Street in Honolulu, Hawaii on or about June 30, 2021,

are hereby forfeited to the United States of America; and

THAT the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

//
//
//
//
//
//
//
//
//
//
//
//
//

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this ___23rd___ day of November, 2021, at Honolulu, Hawai'i.



Jill A. Otake
United States District Judge

The undersigned hereby consent to the entry and form of this Order:

JUDITH A. PHILIPS
Acting United States Attorney

By: CRAIG S. NOLAN
Assistant United States Attorney

Dated: November 22, 2021

RUSTAM BARBEE, ESQ.
Attorney for Defendant Jennifer Ashcraft

Dated: November 22, 2021

JENNIFER ASHCRAFT
Defendant

Dated: November 22, 2021

United States v. Jennifer Ashcraft; Cr. No. 21-00101 JAO; "Preliminary Order of Forfeiture (Specific Property)"